UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Junior Hines, # 240466,<br>*a/k/a Willie Hines, Jr.*,<br><br>       Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>       Respondent.<br>_____ | C/A No.  6:16-3386-HMH-KFM<br><br>**REPORT AND RECOMMENDATION** |

    The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.  The petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This case should be summarily dismissed.

## **BACKGROUND**

    The petitioner is currently incarcerated at the Tyger River Correctional Institution in the South Carolina Department of Corrections (doc. 1-4 at 2).  He seeks to vacate his 1997 state convictions of murder, armed robbery, and first-degree burglary entered in the Spartanburg County Court of General Sessions (*id*.)  His cited grounds for relief are an assortment of purported substantive and procedural violations which he alleges invalidates his conviction and sentence (doc. 1-4).  He contends that he exhausted several of these grounds for relief in his state PCR action, which the Court of Common Pleas denied on March 7, 2016 (*id*.).  The petitioner also states that he has filed a 60(b)

motion and a motion for a writ of mandamus related to his grounds (*see, e.g.,* doc. 1-4 at 10). The petitioner has attached an excerpt from the PCR court's order, stamped January 26, 2016, an order from the Supreme Court of South Carolina, dated April 26, 2016, prohibiting him from filing "any further collateral actions in the circuit court, including PCR action and habeas corpus actions, as well as any motions relating to the previously filed collateral actions, challenging petitioner's 1997 convictions," and the remittitur to the lower court, dated May 12, 2016 (doc. 1-5 at 8–9, 26–27). The petitioner requests "time served and vacate and any other relief that is proper and just" (doc. 1-4 at 16).

This court takes judicial notice that in 2003, the petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same state convictions. *See* Order, *Hines v. McLeod*, C/A No. 6:03-cv-00158-GRA (D.S.C. June 25, 2003), ECF No. 23, *appeal dismissed* (4th Cir. Dec. 31, 2004), ECF No. 27.[1] This case was decided on the merits. *Id.*

Also, this court takes judicial notice that in 2006, the petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 seeking to overturn the same state convictions. *See* Order, *Hines v. Bazzle*, C/A No. 6:06-cv-01530-GRA (D.S.C. June 23, 2006), ECF No. 9. This Court dismissed that action because it was an unauthorized successive § 2254 action. *Id*.

**STANDARD OF REVIEW**

---

[1] It is appropriate for this District Court to take judicial notice of the petitioner's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes:

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to

3

> individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 . . . (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This action qualifies as a second or successive § 2254 action because the petitioner's first § 2254 action filed in this Court in 2003 pertaining to the same conviction was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition.

Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254.

4

*See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this petition, this Court does not have jurisdiction to consider it. *Id.*

## **RECOMMENDATION**

It is recommended that the § 2254 petition be dismissed without requiring the respondent to file a return. ***The petitioner's attention is directed to the important notice on the next page.***

s/ Kevin F. McDonald<br>
United States Magistrate Judge

December 7, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).