IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Junior Hines, #240466, ) | |
| a/k/a Willie Hines, Jr., ) | C.A. No. 6:16-3386-HMH-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1]  Willie Junior Hines ("Hines") is a pro se prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing Hines' habeas petition as successive pursuant to 28 U.S.C. § 2244(b)(2).  (Report and Recommendation 4-5, ECF No. 10.)

  Hines filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Hines' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections.

Hines asserts that applying the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") limit on successive applications for habeas relief would violate the Ex Post Facto clause because he was indicted prior to its passage. (Objs. 4-5, ECF No. 12.) Additionally, Hines objects that his second of three petitions, filed in 2006, was a Rule 60(b) motion and should not be used to consider his present § 2254 petition successive. (Id., ECF No. 12.) Both objections are without merit.

The AEDPA's limit on successive applications "generally apply to any petitions filed after the effective date of the Act, although not petitions pending at the time of enactment." Brown v. Angelone, 150 F.3d 370, 372 (4th Cir. 1998). The AEDPA became effective on April 24, 1996. See id. Hines filed his first § 2254 petition on January 24, 2003. This court granted Respondent Warden Phillip McLeod's motion for summary judgment on June 25, 2003, and dismissed Hines' § 2254 petition. Hines filed an appeal to the United States Court of Appeals for the Fourth Circuit on July 3, 2003. The Fourth Circuit dismissed Hines' appeal on December 31, 2003. Hines filed a second § 2254 petition on May 18, 2006. This court granted Respondents' motion for summary judgment on June 23, 2006, because Hines' petition was successive. Hines filed an appeal to the United States Court of Appeals for the Fourth Circuit on

July 18, 2006. The Fourth Circuit dismissed Hines' appeal on November 8, 2006. Thus, with respect to Hines' second § 2254 petition, the law of the case is that it was a successive petition.

Because Hines has previously filed § 2254 petitions after the enactment of the ADEPA, the instant petition is successive and subject to the ADEPA's limits on successive applications. Further, irrespective of the second petition, the instant petition is successive. "[A] prisoner seeking to file successive applications in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2244(b)(2)." Id. In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock at 205. Hines did not obtain authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2254 petition.

After a through review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein. Because the court lacks jurisdiction over this successive § 2254 petition, it must be dismissed.

3

It is therefore

**ORDERED** that Hines' § 2254 petition, docket number 1, is dismissed without prejudice and without issuance and service of process upon Respondents. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
January 4, 2017

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.